IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ALICE MARIE RIDING and ROBIN RIDING, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:24-cv-00617-DGK |
| UNITED CONSUMER CREDIT UNION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

This pro se lawsuit arises from a non-judicial foreclosure of residential property located at 8409 East 116th Street, Grandview, Missouri 64134 (the "Property"). Plaintiffs' complaint challenges the foreclosure and subsequent sale of the Property based on Defendants' alleged violations of the Truth in Lending Act and the Fair Debt Collection Practices Act.

Now before the Court is Plaintiffs' motion to proceed without payment of fees, ECF No. 1, and their motion for a preliminary injunction, ECF No. 3. Because the Court lacks jurisdiction to hear this dispute pursuant to the *Younger* abstention doctrine, the lawsuit is dismissed without prejudice.

The threshold question for the Court in this case and in every case is whether it possesses jurisdiction to hear the dispute; that is, whether the Court is authorized or possesses the power to adjudicate the lawsuit. Under *Younger* abstention, a federal district court cannot exercise jurisdiction over a case when "(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citation

omitted). If *Younger* abstention applies, "the district court generally must dismiss the action." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the present case, Plaintiffs have three ongoing state proceedings in the Circuit Court of Jackson County, Missouri, concerning the foreclosure and sale of the Property. *See All Pro 2 LLC v. Alice Riding, et al.*, No. 2416-CV15243 (unlawful detainer); *Alice M Riding v. United Consumer Credit Union, et al.*, No. 2416- CV24763 (unlawful foreclosure); *Alice M Riding v. United Consumer Credit Union, et al.*, No, 2416- CV24756 (unlawful foreclosure). These state proceedings raise the same claims and arguments presented here. Further, these proceedings implicate an important state interest, namely unlawful detainer which is governed by Missouri statute. *See* Mo. Rev. Stat. § 534.030; *see also Boyer v. Scott Bros. Inv. Corp.*, No. 4:11CV1173 HEA, 2011 WL 3847412, at *6 (E.D. Mo. Aug. 27, 2011) (finding unlawful detainer action implicated an important state interest under *Younger*). Finally, Plaintiffs have adequate opportunity to raise her federal claims in the state proceeding. In fact, they have already raised them in each case.[1] Accordingly, *Younger* abstention is appropriate here.

This case is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   September 25, 2024           /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT

---

[1] Further, Plaintiffs raised these arguments in a separate quiet title action filed in the Circuit Court of Jackson County, Missouri. *See Alice M Riding v. United Consumer Credit Union, et al.*, No. 2416-CV11921. That case was dismissed without prejudice because Plaintiffs are not licensed to practice law in the State of Missouri and purported to represent the trust which holds title to the Property. *See id.*